UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 94-381 |
| PAUL HARDY | SECTION C |

### ORDER AND REASONS

Before this Court is Paul Hardy's ("Defendant") Motion to Quash the Current Jury Venire; Request for Appointment of Special Master; And Motion for Stay of Trial Pending Amendments to the Jury Selection Plan for this District. (Rec. Doc. 1583.) The defendant argues that the Jury Selection Plan for the Eastern District of Louisiana violates his rights under the Sixth Amendment to the United States Constitution, and the Jury Selection and Service Act ("JSSA"), 28 U.S.C. 1861, *et seq*. Having considered the memoranda of counsel and the applicable law, this Court denies the Motion.[1]

The Sixth Amendment to the United States Constitution provides a criminal defendant with the right to a "speedy and public trial by an impartial jury of the state and district wherein

---

[1] The Court notes that three other similar motions have been denied. *See United States v. Spencer*, No. 04-162, Rec. Doc. 112 (E.D.La. Jan. 26, 2006); *United States v. Jones*, No. 05-231, Rec. Doc. 37, 2006 WL 278248 (E.D. La. Feb. 3, 2006); *United States v. Dixon*, No. 05-209, Rec. Doc. 39, 2006 WL 278258 (E.D.La. Feb. 2, 2006). The Court agrees and hereby adopts the reasoning set forth in these orders.

the crime shall have been committed." U.S. CONST. AMEND. VI. The right to a trial by jury includes a right to have the jury drawn from a fair cross section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1972).

In explaining the fair cross section requirement, the *Taylor* court stated "in holding that petit juries must be drawn from a source fai[r]ly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition; but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." 419 U.S. at 538 (internal citations omitted); *see also Holland v. Illinois*, 493 U.S. 474, 480 (1990).[2]

To establish a *prima facie* case that a particular method of selecting a jury violates the Sixth Amendment's fair cross section requirement, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979).

---

[2] The JSSA sets forth similar requirements. To succeed in the statutory claim Mr. Hardy must show that the Eastern District's Plan substantially fails to comply with the JSSA. 28 U.S.C. § 1867(a). "A substantial failure is one that destroys the 'random nature or objectivity of the selection process.' " *U.S. v. Hemmingson*, 157 F.3d 347, 358 (5th Cir. 1998) (*citing United States v. Kennedy*, 548 F.2d 608, 612 (5th Cir. 1977). A review of the Louisiana Rules of Court-Federal, Plan for the Selection of Grand and Petit Jurors Pursuant to the Jury Selection and Service Act of 1968-Eastern Districct ("Jury Selection Plan"), reveals that it complies with the JSSA in that it does not destroy the objectivity of the juror selection process.

The Jury Selection Plan for the Eastern District of Louisiana uses voter registration lists for its source of jurors. *See* Louisiana Rules of Court-Federal, Plan for the Selection of Grand and Petit Jurors Pursuant to the Jury Selection and Service Act of 1968-Eastern Districct ("Jury Selection Plan"). Names from the voter registration list are randomly drawn and placed in a master jury wheel. Each of the thirteen parishes is proportionally represented in the master jury wheel.

Names are drawn from the master jury wheel and the persons selected are mailed juror qualification forms to complete and return. The returned forms are then used to determine whether a person qualifies as a juror. Those who are qualified to serve and are not exempt from service are placed into the qualified juror wheel. Names are then drawn at random from the qualified jury wheel, and each person whose name is drawn is summoned for a one month term of jury duty. The use of voter registration lists as the source for potential jurors has been upheld as constitutional and in accordance with the JSSA. *Timmel v. Phillips*, 799 F.2d 1083, 1087 (5th Cir. 1986); *United States v. Lewis*, 10 F.3d 1086, 1090 (4th Cir. 1993).

Mr. Hardy first argues that the community to which he is entitled to have jurors drawn is the list of registered voters in the parishes in the Eastern District. Because African Americans were disproportionately displaced as a result of Katrina, the community as it exists post-Katrina is not representative of the community as it existed pre-Katrina. Thus, even if mail was a reliable means of delivering jury questionnaires, the community as it existed pre-Katrina is not present to receive the mail or to attend juries. As a result, fewer African-Americans will be placed in the qualified jury wheel, and fewer African-Americans will be selected for venires. In other words, using a pre-Katrina method of jury selection in a post-Katrina world will result in the systematic

exclusion of African-Americans from jury venires.

Mr. Hardy can satisfy *Duren*'s first requirement, as African-Americans are recognized as a distinctive group in the community. *See United States v. Williams*, 264 F.3d 561, 568 (5th Cir. 2001).

However, even assuming for purposes of this motion that African-Americans were displaced disproportionately by the storm, the defendant cannot establish the second requirement, that the representation of African-Americans in venires from which juries are selected is not fair in relation to the number of such persons in the community. The defendant's argument is premised on the assumption that the relevant community against which the group's representation is to be measured is the community as it existed prior to Hurricane Katrina. The Court is not persuaded that the defendant has established he is entitled to a jury venire that is representative of the community at some fixed point in time in the past as opposed to the community that exists today, and, that even if he is, that the current jury venire is unconstitutionally underrepresentative of the community as it existed in the past. *Cf. Hamling v. United States*, 418 U.S. 87, 137-138 (1974) (holding that a four year-old jury wheel that did not contain anyone under 24 years old at the time of the defendant's trial was constitutional, in spite of the fact that a dated jury wheel would less accurately reflect the population of the community); *United States v. Rodriguez*, 588 F.2d 1003, 1008-1009 (5th Cir. 1979) (holding that a dated jury wheel failing to account for a recent and dramatic increase in the number of eligible citizens in the district who were originally from Spanish-speaking countries was constitutional).

Moreover, even if the defendant could establish underrepresentation, he has failed to persuade this Court that any underrepresentation is due to systematic exclusion on the part of the

government. "There is systematic exclusion when the underrepresentation is due to the system of jury selection itself, rather than external forces." *United States v. Rioux*, 97 F.3d 648 (2d Cir. 1996) (holding that an inability to serve juror questionnaires because they were returned as undeliverable is not due to the system itself, but to outside forces, such as demographic changes). *C.f. United States v. Little Bear*, 583 F.2d 411, 414 (8th Cir. 1978) (holding that bad weather that lead to underrepresentation of rural jurors and overrepresentation of urban jurors did not amount to a constitutional violation); *State v. McDonald,* 387 So.2d 1116, 1123 (La. 1980) (rejecting a fair cross section claim when a number of prospective jurors failed to appear for service one day after New Orleans experienced heavy and unexpected flooding.); *United States v. Gometz*, 730 F.2d 475 (7th Cir. 1984) (concluding that the defendant had no statutory right to insist that the district court ensure that potential jurors responded to the district court's call). In this case, any underrepresentation, if it exists, was caused by natural disaster, and not by any systematic flaw or subjectivity in the Jury Selection Plan.

Mr. Hardy has also filed a Request for Appointment of Special Master and a Motion for Stay of Trial in order to allow him time to conduct a study regarding the current demographics of the parishes comprising the Eastern District of Louisiana and to amend the Jury Selection Plan to eliminate systematic under-representation. The Court denies these requests because it finds that the defendant cannot establish a prima facie violation of the fair cross section requirement of the Sixth Amendment or a violation of the JSSA. Therefore, the appointment of a special master and a stay of the trial are unnecessary.

Accordingly, IT IS ORDERED that Paul Hardy's Motion to Quash the Current Jury Venire; Request for Appointment of Special Master; And Motion for Stay of Trial Pending

Amendments to the Jury Selection Plan for this District, (Rec. Doc. 1583), is DENIED.

New Orleans, Louisiana, this 3rd day of May, 2006.

                                                          HELEN G. BERRIGAN
                                                          UNITED STATES DISTRICT JUDGE