UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA          CRIMINAL ACTION

VERSUS          NO. 94-381

PAUL HARDY          SECTION "C"

<u>ORDER AND REASONS</u>

On February 29, 2008, defendant Paul Hardy ("Hardy") filed a notice under Federal Rule of Criminal Procedure 12.2(b), alleging that he is mentally retarded and thereby exempt from capital punishment under 18 U. S. C. §3596( c) and *Atkins v. Virginia*, 536 U.S. 304 (2002). Rec. Doc. 1769.  He  requests a pretrial determination of his mental retardation, using the definition established by the  American Association on Mental Retardation (AAMR), and also seeks certain limitations on the government expert examination, adequate notice of the time for testing and that the testing and evaluations be videotaped.  The government filed an opposition to the pretrial determination of Hardy's mental retardation,  arguing that it is a factual issue to be decided by the jury.   The government further maintains that the definition of mental retardation enunciated by the American Psychiatric Association ("APA") is the appropriate one, rather than that of the AAMR, and that videotaping of the actual testing should not occur because it could affect the results and also lead to public disclosure of confidential testing materials.[1]  Rec. Doc.

---

[1]The government has no objection to videotaping the expert's interview with Hardy.

1

1773.   In Hardy's reply brief, he indicates the distinction between the AAMR standards for mental retardation and that of the APA are essentially indistinguishable, with both being valid. With regarding to public disclosure of the testing process, Hardy suggests a court order requiring confidentiality would suffice.

The Court subsequently issued an order requesting further briefing with respect to the following: "Can the *Atkins* issue be revisited at trial and, if so, under what circumstances and in what sequence."   Rec. Doc. 1777.  This question would need to be answered in the event the Court holds a pretrial hearing and decides either that Hardy is not mentally retarded, or declines to make an absolute finding that he is or is not.  With respect to those issues, the government maintains that a pretrial ruling that Hardy is not retarded would preclude a "second bite at the apple" at trial.  Rec. Doc. 1786.   Hardy, on the other hand, argues that he still should be allowed to present the evidence of his retardation to the jury.

Having considered the filings by the parties, the law and the facts, the Court comes to the following conclusions:

1.  A pretrial hearing to determine whether Hardy is mentally retarded is appropriate in the interests of judicial economy.  **The hearing will be held on May 29, 2008, at 9:00 a.m.**

2.  The Court will not impose limitations upon the government's expert examination of Hardy other than that the testing and questioning be relevant to the issue of mental retardation. The defense shall be given sufficient notice of the government expert examination to advise Hardy of when it will occur.  The interview and examination by the government expert shall be videotaped and provided to defense counsel, subject to a confidentiality order that the parties confect.

3.   The Court will consider both the AAMR and the APA definitions of mental retardation in assessing Hardy's condition.

4.   If the Court concludes that Hardy has failed to establish his mental retardation by a preponderance of the evidence at the pretrial hearing, Hardy may still present evidence and argue his alleged mental retardation to the jury.

Also, while not specifically addressed in the parties' filings, the burden of proof is upon Hardy, at the pretrial hearing and at trial, to establish his mental retardation by a preponderance of the evidence.  *United States v. Nelson*, 419 F.Supp.2d 891, 894 (E.D.La.2006).

1. Pretrial hearing as to mental retardation

The provisions of 18 U.S.C.  § 3596( c) state that a mentally retarded person may not be executed, but do not specify whether the decision is to be made by the court or the jury.[2]   The government argues that a jury should make the determination as mental retardation is analogous to an eligibility factor and similar to statutory aggravating factors, citing *Ring v. Arizona*, 536 U.S. 584 (2002).   However, the Fifth Circuit has rejected the analogy of mental retardation to an eligibility factor and has held that mental retardation is not required to be determined by a jury. *In re Johnson*, 334 F.3d 403 (5th Cir. 2003).

In *Nelson, supra*, Judge Barbier of this court concluded that a pretrial determination of mental retardation in a capital case is appropriate, citing *In re Johnson, supra,* and numerous state legislatures and courts that have come to the same conclusion.   The rationale for this rule is

---

[2]In contrast, under Louisiana state law, for example, the jury makes the determination unless both the prosecution and defense agree to waive the jury.  La.Code Crim.Proc. art. 905.5.1(C)(1).

judicial economy.

> If prior to trial a defendant is found to be mentally retarded and therefore
> ineligible for the death penalty, significant resources are saved in terms of trial
> preparation, motion practice, voir dire, trial time, mitigation research, etc.

*Nelson*, 419 F. Supp.2d at 893.  See also *United States v. Sablan*, 461 F.Supp.2d 1239, 1241 (D.

Colo.2006);  *State v. Jimenez*, 908 A.2d 181, 189  (N.J. 2006);  *Morrow v. State*, 928 So. 2d 315,

324 (Ala.Crim.App.2004).  In addition to the savings in time and cost to the court, the attorneys

and jurors, a finding of mental retardation likewise would spare the families and friends of both

the victim and the defendant the emotional trauma of a penalty phase proceeding.

In this case, the only issue remaining is whether capital punishment should be imposed.

Hence, a pretrial finding that Hardy is in fact mentally retarded would eliminate the need for a

trial entirely.[3]  This would be a substantial savings for all involved in the judicial process.


2. Scope and conduct of the government examination

Hardy argues that the scope of the government examination of the defendant should be

limited to his cognitive functioning, hence "no questions about the crime, allegations of remorse

or the lack thereof, or about testimony or evidence concerning the crime or the alleged unproven

aggravators are appropriate, since none have any bearing on the question of mental retardation."

Rec. Doc. 1769, p. 3.   The government does not specifically address this argument in its

response.

While the Court agrees that the only relevant issue for the *Atkins* hearing is whether

Hardy is mentally retarded, the Court will not restrict the scope of the examination.   The Court

_____

[3]The government in its brief argues that a trial would nonetheless occur, which in this
case is incorrect.

is simply not in a position to know what lines of inquiry are appropriate from the standpoint of the experts.   As the entire interview and examination will be videotaped, defense counsel can lodge objections to the admissibility of whatever portions deemed inappropriate or violative of Hardy's rights, and also object to the admission of any conclusions by the government expert that is found to be based on improper lines of inquiry.

As for the timing of the examination, the government shall advise defense counsel of the date and time anticipated so that they may inform Hardy.

The entire interview and examination shall be videotaped.   Neither the government nor the defense shall disclose any confidential test procedures publicly,  other than as necessary to present the results or challenge the results in these court proceedings.   The parties shall suggest an appropriate order to the Court.

3.   The Court will consider both the AAMR and the APA definitions of mental retardation in assessing Hardy's condition

The Court agrees with Judge Barbier in *Nelson, supra,* that these standards are essentially the same and both reflect a national consensus.   To the extent a conflict exists, the Court likewise agrees with Judge Barbier that if Hardy meets *either* definition, the death penalty would be prohibited.  *Id.*, 419 F. Supp.2d at 894-895.

4.  If the ruling by the Court is that Hardy has failed to establish he is  mentally retarded, or the Court declines to rule, Hardy may still raise his alleged mental retardation to the jury

The justification for considering a defendant's mental retardation prior to trial is judicial

economy.   If a defendant is found to be mentally retarded, the prosecution and defense, families and witnesses, not to mention the jurors, the Court and the public in general, are spared "the onerous burden of a futile bifurcated capital sentencing procedure."   *State v. Williams*, 831 So.2d 835, 860 (La. 2002).

While unquestionably a finding of mental retardation at the pretrial stage is conclusive, subject to appeal by the government, the Court is aware of one federal case that may indicate that *the failure* to find mental retardation is likewise conclusive, arguably precluding the defense from reurging it at trial before the jury.   *Sablan*, 461 F. Supp. 2d at 1242 ("The existence of mental retardation is not a mitigation factor for the jury to decide.").   This sweeping declaration, however, runs counter to the strong current of United States Supreme Court jurisprudence allowing the defense in a capital case broad discretion to present mitigation evidence.   The Supreme Court has expressed its concern to assure that the jury in a capital case consider the character and history of the individual offender and "the possibility of compassionate or mitigating factors stemming from the diverse frailties of humankind." *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976).   In later cases, the Supreme Court elaborated that the "the defendant's character, prior criminal history, *mental capacity*, background, and age are just a few of the many factors....a jury may consider in fixing punishment."   *Simmons v. South Carolina*, 512 U.S. 154, 163 (1994)(emphasis added);   *Skipper v. South Carolina*, 476 U.S. 1, 4 (1986)(evidence that the defendant "had been a well behaved and well-adjusted prisoner" in the months of pretrial detention);   *Eddings v. Oklahoma*, 455 U.S. 104, 116 (1982) ("evidence of a turbulent family history, of beatings by a harsh father, and of severe emotional disturbance").   Indeed, the Supreme Court has stated repeatedly that the

Constitution requires in all but the rarest of capital cases that the sentencer be allowed to consider "*as a mitigating factor,* any aspect of a defendant's character or record...that the defendant proffers as a basis for a sentence less than death." *Lockett v. Ohio*, 438 U.S. 586, 605 (1978)(emphasis added). *See also Skipper*, 476 U.S. at 4; *Eddings*, 455 U.S. at 110.

This conclusion is also consistent with the weight of state cases that the Court has been able to discern, including cases from Louisiana. *State v. Dunn*, 974 So.2d 658 (La. 2008)(by statute, "(a)ny pretrial determination by the judge that a defendant is not mentally retarded shall not preclude the defendant from raising the issue at the penalty phase," quoting La.Code.Crim.Proc.art. 905.5.1( C)(2)); *State v. Jimenez*, 924 A.2d 513, 516 (N.J. 2007)("In sum, a defendant may have as many as three opportunities to present a mental retardation issue: at pretrial before the trial court; before a jury during the guilt phase trial; and finally, before a jury at the penalty-phase trial."); *State v. Laney*, 627 S.E.2d 726, 732 (S.C. 2006)("We conclude in post-*Atkins* cases, mental retardation is a threshold issue, decided by the trial judge as a matter of law in a pretrial hearing, that determines whether a defendant is eligible for capital punishment at all, and if not found as a threshold issue, mental retardation continues to be a mitigating circumstance under statutory law."); *State v. Grell*, 135 P.3d 696, 700 (Ariz. 2006)(by statute, if the trial judge does not find pretrial that the defendant is mentally retarded, "the defense may still argue the issue to the jury as a mitigating factor," citing A.R.S. §13-703.02(H)); *State v. Flores*, 93 P.3d 1264, 1271 (N. M. 2004)("if the jury finds that the defendant has mental retardation, notwithstanding the trial court's previous determination, the defendant is not eligible for the death penalty."); *Franklin v. Maynard*, 588 S.E. 2d 604, 606 (S.C. 2003)("If...the judge finds the defendant is *not* mentally retarded and the jury finds the

7

defendant guilty of the capital charge, the defendant may still present mitigating evidence that he had mental retardation at the time of the crime");  *People v. Smith*, 193 Misc. 2d 538 (N.Y. 2002)(a capital defendant has the right to a pretrial bench determination of whether he is mentally retarded; if the ruling is adverse, the defendant may still argue mental retardation to the jury).

IT IS SO ORDERED.

New Orleans, Louisiana, this 10th day of April, 2008.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE