UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS                                                                      NO. 94-381

PAUL HARDY                                                            SECTION "C"

ORDER AND REASONS

This matter comes before the Court on the Government's Motion for Discovery of Mental Health Evidence to be Offered in the Penalty Phase, *Atkins* Hearing and for Court-Ordered Mental Evaluation of Defendant Paul Hardy.  Rec. Doc. 1789.   The government requested an order compelling the defense to provide (a) the identity and resume of any expert witness to be called in the guilt or penalty phase; (b) copies of their written reports, including a summary of the diagnosis, opinions and the basis for the opinion; ( c) disclosure of documents relied upon by the experts, including test forms and data, memoranda and notes of interviews, "third-party documents" and documents created by the defendant and supplied to the expert. The government also asked for a defense disclosure schedule.  Finally, the government requests the opportunity to have the defendant examined by mental health experts chosen by the government.

Defendant Paul Hardy ("Hardy") filed a Response.  Rec. Doc. 1798.   He identifies three

mental health expert witnesses he intends to call at trial, Dr. Victoria Swanson, Dr. George Woods and Dr. Mark Cunningham. Hardy provides a summary of their anticipated testimony and copies of the curriculum vita of two of the three. Rec. Doc. 1798.[1]  With respect to tests and examination regarding the *Atkins* issue, Hardy indicates he will rely upon testing done in 1996, prior to the initial penalty phase, which the government possesses. In fact, Hardy argues that no further testing of Hardy's IQ is appropriate.[2]  Hardy also points out that the government has substantial information regarding Hardy's background based on the 1996 penalty phase presentation. With respect to the government's request to have their experts examine Hardy, Hardy reiterates his request that any such interviewing and examination be videotaped.

Hardy asserts that neither Dr. Swanson nor Dr. Woods have authored a report nor any preliminary memoranda. Nor does he indicate that all testing has been completed. He does acknowledge the obligation to "tender to the government a summary of the anticipated testimony concerning adaptive behavior deficits, correlative neurological data, and evidence that the disability occurred before Hardy was 18," as well as any additional testing that is done. Rec. Doc. 1798, p. 4.

The government replies that it is satisfied with the names and resumes of the defense experts, but that the summary of anticipated diagnostic testimony is inadequate, as well as the

---

[1] Hardy advises that a current vita for Dr. Mark Cunningham will be forwarded as soon as it is received. The Court notes that Dr. Cunningham testified at length at the 1997 penalty phase so the government is familiar with his background.

[2] While not articulated, the Court presumes Hardy's concern is over the so-called "practice effect" from repeated testing which can artificially inflate the score. *See United States v.Nelson*, 419 F.Supp.2d 891, 898 (E.D.La. 2006). The Court however will not at this time restrict the scope of any testing.

2

timing of disclosure.  Rec. Doc. 1809.  It requests an order that Hardy provide a more detailed synopsis of the anticipated testimony as well as identify any testing that has been done, with those results.  It reiterates its request for set deadlines for disclosure.

The Court agrees with the government that more disclosure is appropriate and that deadlines do need to be set.   The Court also agrees with Hardy that the government has a great deal of relevant information already, which affects the timing necessary for the additional disclosures.

The Court is independently concerned with one representation made by Hardy in his Response.  Hardy advised that "(s)hould the ongoing investigation obtain additional information about serious affective or psychotic mental disorders, (mental illness with a significant genetic component) additional testing may become necessary."  Rec. Doc. 1798, p. 5.  The Court notes that Hardy has now had years to assess whether he suffers from any "serious affective or psychotic mental disorders," including "mental illness with a significant genetic component." The Court assumes that counsel, clearly experienced and competent, has long ago investigated and assessed Hardy for this level and type of disability.[3]

Having considered the record, the memoranda of counsel and the law, the Court has determined that setting a schedule for further discovery is appropriate and that examination of the Hardy by the government experts is likewise appropriate.

Accordingly,

---

[3] Hardy's claim that the "relevant length of time for purposes of mitigation investigation is a mere matter of months," lacks any foundation in fact or reality.

IT IS ORDERED that Hardy shall disclose to the prosecutors, Michael McMahon and Mark Miller, in writing and no later than **Friday, April 18, 2008,** the following information:

1. A more detailed description of what "neurologic deficits" Hardy purports to have that will be the subject of Dr. Woods' testimony.

2. A more detailed description of the scope of Dr. Mark Cunningham's testimony, or else a specification that it is the same scope as his earlier testimony.

3. The nature of any tests that any of the three disclosed experts have performed or may perform, or rely upon, other than those already produced in the earlier penalty phase.

4. Regarding any other mental health experts who will or may testify at trial, not previously disclosed:

   a. The name of the expert, his/her professional qualifications and a summary of his/her anticipated testimony;

   b. The nature of any tests these experts have performed or may perform, or rely upon, other than those already produced in the earlier penalty phase.

IT IS FURTHER ORDERED that Hardy shall disclose to the prosecutors, Michael McMahon and Mark Miller, in writing and no later than **Friday, April 25, 2008**, the following information relative to the *Atkins* defense of mental retardation:

1. A written report from the experts who will or may testify at the *Atkins* hearing, or a detailed summary of their anticipated testimony. This report/summary will include the expert's opinion, and the bases and reasons for the opinions. This report/summary will include the expert's anticipated testimony concerning Hardy's adaptive behavior deficits, any relevant

neurological data, and the basis for finding the disability occurred prior to the age of 18.

2. The identity and results of any additional tests and examinations administered to Hardy, other than those already produced in the earlier penalty phase.

3. Any and all medical records, school records, work records or any other documents concerning Hardy that were considered by the defense experts.


IT IS FURTHER ORDERED that Hardy shall disclose to the prosecutors, Michael McMahan and Mark Miller, in writing and no later than **Friday, May 2, 2008**, the following information relative to any other expert testimony that will or may be introduced at trial:

1. A written report from the experts who will or may testify at trial, or a detailed summary of their anticipated testimony.  This report/summary will include the expert's opinion, and the bases and reasons for the opinions.

2. The results of any additional tests and examinations administered to the defendant, other than those already produced in the earlier penalty phase.

3. Any and all medical records school records, work records or any other documents concerning Hardy that were considered by the defense experts.


IT IS FURTHER ORDERED that the government's motion for court-ordered mental evaluation is GRANTED.  Rec. Doc. 1789.  Any interview and/or examination of the defendant by the government's experts shall be videotaped.  Neither the government nor the defense shall disclose any confidential test procedure publicly, other than as necessary to present the results or challenge the results in these proceedings.

New Orleans, Louisiana, this 14th day of April, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

New Orleans, Louisiana, this 14th day of April, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE