UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 94-381

PAUL HARDY                                        SECTION "C"

ORDER AND REASONS

The government has filed a notice of the non-statutory aggravating factors it intends to introduce at trial. Rec. Doc. 1740. They are as follows:

a. Paul Hardy, among others, committed or participated in additional violent acts, as evidenced by his involvement, with others, in a shooting spree in July 1989, in which Michael Handy was killed, William Gettridge was paralyzed and several others were wounded.[1]

b. Paul Hardy constitutes a continuing threat of future dangerousness to the lives and safety or other persons, as evidenced by (1) his participation in the murder of Carlos Adams in September, 1994; (2) the murder of Shawn King and Troy Watts in October, 1994, by a person known to Paul Hardy, using Paul Hardy's gun; and (3) his willingness to kill the "twins" at Len Davis' behest in October 1994.

---

[1] The government gave notice of other specific violent acts, but subsequently withdrew them as lacking evidentiary support. Rec. Doc. 1796.

1

c.  Paul Hardy displayed a complete and total lack of remorse for the killing of Kim Groves, as evidenced by conversations with Davis in mid-October 1994 after the killing.

d.  Victim impact evidence.

Defendant, Paul Hardy ("Hardy"), filed objections to the non-statutory aggravating factors upon which the government intends to rely in seeking the death penalty. Rec. Doc. 1754. The government responded and Hardy filed a Reply.   Rec. Docs. 1774 & 1788.

The objections and rulings are as follows:

1.  Hardy contends the non-statutory aggravating factors are not contained in the indictment and therefore evidence in support of them is inadmissible.   Hardy concedes that Fifth Circuit caselaw is to the contrary and states he is making the objection so as not to waive it.  The Fifth Circuit has in fact held that the Constitution does not require non-statutory aggravating factors to be included in the indictment.  *United States v. Bourgeois*, 423 F.3d 501 (5th Cir. 2005).   This objection by Hardy is therefore DENIED.

2.   Hardy contends 18 USC §3592 does not give prosecutors authority to define non-statutory aggravating factors and that this is an improper delegation of legislative power.   Again, he acknowledges contrary Fifth Circuit caselaw.  *United States v. Jones*, 132 F.3d 232 (5th Cir. 1998).   This objection is DENIED.

3.  Hardy objects to any evidence relating to a "continuing threat of future dangerousness to the lives and safety of other persons" that is not relevant to his being a continuing threat in federal prison, citing *Simmons v. South Carolina*, 512 U.S. 154 (1994).   The government responds that under the statutes alleged here, a sentence of less than life imprisonment is possible.   If Hardy waives instructing the jury that it may consider a sentence less than life

2

Case 2:94-cr-00381-ILRL-MBN   Document 1814   Filed 04/15/08   Page 3 of 4

imprisonment, the Court will grant his objection. If the jury is unable to reach a unanimous verdict, the Court intends to impose a sentence of life imprisonment.

    4. Hardy objects to evidence of his "lack of remorse" unless the evidence post-dates the death of Kim Groves. The government responds that evidence, such as a cavalier attitude prior to a crime, can be indicative of the unlikelihood of feeling guilt thereafter. The government also implies that an adverse inference can be drawn from a defendant's silence at trial. In 1996, dealing with this same factor, this Court ruled that "lack of remorse" was not an appropriate separate independent factor, but the supporting evidence could be considered as indicative of "future dangerousness." *United States v. Davis,* 912 F.Supp. 938 (E.D.La. 1996); Rec. Doc. 367. In support of future dangerousness, the government may introduce relevant evidence, for example, that Hardy had a cavalier attitude prior to committing the crime or was anxious to commit the crime, or that he evidenced a lack of remorse thereafter.[2] In that same ruling in 1996, the Court cautioned the government against attempting to draw any adverse inferences from the defendant's right to remain silent. The same caution is reiterated here. No adverse inference for any purpose may be drawn from Hardy's election to remain silent and put the government to its proof. This objection is PARTIALLY GRANTED and PARTIALLY DENIED.

    5. Hardy objects to victim impact evidence unless he is permitted to rebut it with evidence that the decision to pursue the death penalty has likewise caused the victim's family emotional distress. The government objects on the basis that it is not proper rebuttal, does not concern the characteristics, background or circumstances of the defendant and that the victim's

---

[2]The Court agrees that "remorse" can only occur after an event, not before.

family's views on the propriety of the death penalty are irrelevant.  The Court GRANTS the objection.  The Court also stands by its earlier ruling that evidence that Kim Groves' family members did not wish the death penalty pursued is admissible.  Rec. Doc. 1450.

6.  Hardy objects to the reliability of all the evidence the government proposes to introduce.  The issue of the reliability of the evidence will be dealt with by separate order.

IT IS SO ORDERED.

New Orleans, Louisiana, this 15th day of April, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE