UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA				CRIMINAL ACTION

VERSUS							NO. 94-381

PAUL HARDY						SECTION "C"

ORDER AND REASONS

This matter comes before the Court on defendant's motion to quash certain subpoenas. (Rec. Doc. 2000). Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

The government challenges the defendant's standing to challenge the subpoenas issued to experts, relying on *United States v. Williams*, 2007 WL 2287819 (E.D.La.). The Court will assume that standing exists. Otherwise, the Court would be compelled to extend deadlines to allow the individual experts to obtain counsel to object to any disclosure, and the experts may have relied upon defense counsel to object on their behalf. Any such delay would further jeopardize the already fragile hearing date.

Turning to the merits and in general, any expert that the defense proposes to call, whether on direct or rebuttal[1], must produce, **if not already produced**, his/her most

---

[1] The defense indicates that Dr. George Woods will only be called as a rebuttal witness, if at all. In the interests of justice and also to avoid unnecessary delay at the hearing itself, Dr. Woods should provide the same disclosures now as if he were a case-in-chief expert.

recent curriculum vitae and the list of cases in which the expert has testified. In addition, the experts must produce, **if not already produced**, those categories referenced by the government as #1, #2, #3, #4, #7, #8, and #9, **but only to the extent that the experts reviewed, or relied upon the information in coming to their conclusions**.[2] The experts do not need to produce categories #5 or #6.

The defense advises that it does not intend to call Dr. Murley Tetlow and Dr. Kevin Bianchini as witnesses. These experts should, nonetheless, produce whatever documents or records, **if not already produced**, that the testifying witnesses reviewed or relied upon in coming to their conclusions.[3]

Accordingly,

IT IS ORDERED that the defendant's motion to quash certain subpoenas is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Docs. 2000). The time for the subpoena return remains unchanged by this order.

New Orleans, Louisiana, this 2nd day of April, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court knows of no authority requiring the defense to disclose information upon which the expert did not review or rely upon in formulating their opinion. The Court notes that the defense in its response indicates that the information with regard to Dr. Cunningham has already been provided.

[3] The Court notes that the defense indicates that the information from these witnesses has already been produced to the government. (Rec. Doc. 2000, p. 2).