Case 2:94-cr-00381-ILRL-MBN    Document 2508    Filed 01/20/26    Page 1 of 10

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Jan 20 2026

CAROL L. MICHEL
CLERK

cf    Mail

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Crim No. 2:94-cr-00381-ILRL-MBN-2 |
| PAUL HARDY, | § | |
| Defendant. | § | |

### DEFENDANT PAUL HARDY'S REPLY TO THE GOVERNMENT'S OPPOSITION TO MOTION FOR COMPASSIONATE RELEASE (18 U.S.C. § 3582(c)(1)(A))

COMES Defendant, Paul Hardy ("Mr. Hardy"), appearing *pro se,* and respectfully replies to the Government's Response [ECF No. 2505], and requests that the Court grant compassionate release and reduce his sentence to time served, with an appropriate term of supervised release and conditions. In support of his Reply, Mr. Hardy would show as follows:

### I.    INTRODUCTION

The Government's opposition largely reargues the offense conduct and labels Mr. Hardy a continuing danger, while minimizing (1) the extraordinary length of time he has already served—more than thirty-one years—and (2) the record of rehabilitation and individualized circumstances the Court must evaluate today.

The Court's task is not to relitigate the trial. It is to apply § 3582(c)(1)(A), the current policy statement in U.S.S.G. § 1B1.13, and the § 3553(a) factors to Mr. Hardy's present circumstances. The GR also overlooks that Mr. Hardy did support his disparity arguments with multiple authorities; those citations appear in the motion itself.

On November 12, 2025, the Supreme Court heard oral argument in Rutherford v. United States, No. 24-820, and Carter v. United States, No. 24-860, which address whether courts may consider large sentencing disparities arising from non-retroactive changes in law and the scope/validity of U.S.S.G. § 1B1.13(b)(6). The Supreme Court has also granted certiorari in Fernandez v. United States, No. 24-556, which asks whether § 3582(c)(1)(A) may include reasons also alleged as § 2255 grounds. These cases confirm that the breadth of "extraordinary and compelling reasons" is actively under review.

Finally, Mr. Hardy is an incarcerated, *pro se* litigant. His pleadings must be liberally construed and held to a less stringent standard than attorney-drafted filings. See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Fifth Circuit likewise recognizes that *pro se* filings are liberally construed, even while requiring fair presentation of arguments. See, e.g., *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

## II.    LEGAL STANDARD

A court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) exhaustion is satisfied; (2) extraordinary and compelling reasons warrant a reduction; (3) the reduction is consistent with applicable policy statements (now U.S.S.G. § 1B1.13); and (4) the § 3553(a) factors support the requested relief. The government itself frames the analysis this way.

Here, Mr. Hardy requested compassionate release from the Warden on May 23, 2025, and the Warden denied relief on July 16, 2025. Exhaustion is satisfied.

## III.    THE GOVERNMENT MISCHARACTERIZES WHAT MR. HARDY IS (AND IS NOT) ASKING FOR

The government repeatedly frames Mr. Hardy's motion as an improper attack on the conviction/sentence—i.e., a disguised § 2255 request. That is incorrect. Mr. Hardy seeks a sentence

reduction under § 3582(c)(1)(A) based on present-day extraordinary and compelling circumstances and the § 3553(a) factors—not vacatur of the judgment. See CR Mot. at 1, 18–20.[1] Mr. Hardy does not seek to invalidate the judgment; he seeks a discretionary sentence reduction based on current extraordinary-and-compelling circumstances and § 3553(a)—the precise inquiry Congress authorized in § 3582(c)(1)(A). See *Pepper*, 562 U.S. at 490–93; *Concepcion*, 597 U.S. at 488–94.

Nothing in § 3582(c)(1)(A) requires a defendant to prove innocence, relitigate trial facts, or show reversible error. The statute asks whether extraordinary and compelling reasons warrant a reduction and whether the § 3553(a) factors support it.

### IV. THE GOVERNMENT'S AUTHORITIES ON GR 10–12 ARE MISPLACED OR FACTUALLY DISTINGUISHABLE

The government's string-cites (GR 10–12) do not establish any rule that "murder cases" are categorically ineligible for § 3582(c)(1)(A) relief. They are (at most) fact-bound denials—many decided before the Commission's current § 1B1.13 framework—and they do not address Mr. Hardy's actual theory: extraordinary time served (31+ years) + modern sentencing realities + documented rehabilitation/low recidivism risk + a present-day § 3553(a) analysis.

#### A. "Misplaced / Distinguishable Authorities" (GR 10–12)

1. Out-of-circuit categorical statements (not controlling; largely pre-2023 framework)

*United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021) (cited GR 10). Thacker is not controlling in the Fifth Circuit and—critically—does not resolve how courts must apply the post–Nov. 1, 2023 policy statement now governing defendant-filed motions. The Government invokes Thacker for a broad proposition ("nothing extraordinary about leaving penalties intact"), but § 3582(c)(1)(A) is expressly an exception to the general rule of finality—so the question is whether this defendant's present circumstances are "extraordinary and compelling" under § 1B1.13 and then whether § 3553(a) supports a reduction.

---

[1] "CR Mot." = Rec. Doc. 2499 at __; "GR" = Rec. Doc. 2505 at __; and "HN" = Hardy Notes at __. All page references are to the CM/ECF header pagination at the top of each page (e.g., "Page __ of __").

*United States v. Andrews*, 12 F.4th 255 (3d Cir. 2022) (cited GR 10). Same problem: nonbinding, out-of-circuit, and it does not control the Fifth Circuit's application of the Commission's current § 1B1.13 categories—including (b)(6) and the Commission's instruction to give "full consideration" to individualized circumstances.

        2.      District-court denials in other murder cases (nonbinding; distinguishable on record and posture)

The government's string cite to non-binding, record-specific district court denials (GR 10) does not establish any rule of law and does not address Mr. Hardy's individualized evidence of present risk reduction and rehabilitation.

The government cites several district court denials in murder *cases—Dodd, Lauderdale, Cruz, Wilson, Harris—to* imply "courts deny murder CR motions." But none creates a legal bar, and none addresses Mr. Hardy's particular showing: 31 years served, extensive programming, and a Low PATTERN risk supported by BOP records. These cases are simply examples of different records, different defendants, and different § 3553(a) balances.

        3.      "Rehabilitation alone is not enough" cases (strawman: Hardy is not relying on rehab alone)

The government leans on *Gutierrez* (5th Cir. unpublished) and several district court decisions (*Soto, Lewis, Hudec, Zapata*) to repeat the uncontroversial point that "rehabilitation alone" is insufficient. Mr. Hardy agrees (Congress said so), but that is not his argument. He relies on the totality: exceptional time served + modern sentencing context + rehabilitation/low risk + § 3553(a). Authorities rejecting "rehab alone" do not answer that totality argument.

        4.      *Chambliss / Thompson* are standard-of-review cases, not categorical bars

*United States v. Chambliss*, 948 F.3d 691 (5th Cir. 2020) is routinely cited for the appellate abuse-of-discretion posture and the need to weigh § 3553(a). It does not hold that serious offenses can never qualify, and it does not excuse ignoring current evidence of rehabilitation and diminished risk after decades served.

4

*United States v. Thompson*, 984 F.3d 431 (5th Cir. 2021) similarly rejects generalized/conclusory grounds on that record; it does not forbid a reduction where the defendant presents a developed record and the court performs a reasoned § 3553(a) analysis on present circumstances.

        5.    Inflammatory "witness-murder" rhetoric is not a substitute for the required present-day analysis.

The government repeatedly relies on the phrase "murder of a federal witness" (GR 13–15) as if that label alone resolves dangerousness and the § 3553(a) balance. But § 3582(c)(1)(A) requires a present-day, individualized assessment based on the current record—what sentence is "sufficient, but not greater than necessary" now, after 31+ years served—rather than allowing charged characterizations to do the work of the analysis. The Court should therefore evaluate dangerousness under § 3142(g) and the § 3553(a) factors on present circumstances, including Hardy's documented risk reduction and rehabilitation, not rhetoric.

    **B.**    **The Government Wrongly Claims Mr. Hardy Cited "No Changes in Law" and "No Case Law" Supporting Disparity Arguments**

Mr. Hardy did cite (1) the amended § 1B1.13 framework, CR Mot. at 12–16, and (2) substantial Fifth Circuit and nationwide authority recognizing that unusually long sentences and modern sentencing realities can qualify as extraordinary and compelling reasons (including *Jean, McMaryion, Escajeda, Shkambi*, and numerous other circuit decisions addressing disparity and sentence-length arguments). See CR Mot. at 21–26.

So, when the government asserts Mr. Hardy "cites no changes in law" and implies he offered no case support, that statement is inaccurate on the face of the motion. See GR at 8–10; CR Mot. at 21–26.

5

### C. Even under Fifth Circuit Standards, this Court May Consider the Full Record, Including Post-sentencing Rehabilitation and Today's Sentencing Realities

The Fifth Circuit's compassionate-release framework is not a one-way ratchet. District courts must (1) determine whether extraordinary and compelling reasons exist and (2) weigh § 3553(a). See, e.g., *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). And while some Fifth Circuit decisions reject purely generalized or conclusory reasons, they do not require district courts to ignore individualized rehabilitation and modern sentencing context.

The Supreme Court has repeatedly emphasized that post-sentencing rehabilitation and individualized characteristics are highly relevant to sentencing decisions. See *Pepper v. United States*, 562 U.S. 476, 490–93 (2011) (rehabilitation bears directly on § 3553(a)); *Concepcion v. United States*, 597 U.S. 481, 488–94 (2022) (sentencing modification proceedings allow consideration of intervening legal/factual developments unless Congress clearly restricts it). Nothing in § 3582(c)(1)(A) commands courts to blind themselves to what decades in prison have actually produced in a human being.

Here, Mr. Hardy has served more than three decades and has exceeded the "ten-year minimum" the Commission highlighted in discussing unusually long sentences. See CR Mot. at 19; HN. He has documented rehabilitation, remorse, and reduced risk—factors the government tries to wave away with the slogan "rehabilitation alone." See GR at 11–12. Mr. Hardy agrees rehabilitation alone is not enough (Congress said so). 28 U.S.C. § 994(t). But that is not what he is relying on. He relies on the totality: extraordinary time served + modern sentencing context + rehabilitation + low risk + § 3553(a).

### D. The Government's Own Statistics Undermine its "No Disparity" Claim

The government cites U.S. Sentencing Commission statistics reflecting that the mean and median sentences in "Murder" cases are far below a life term. After 31 years, the marginal returns for deterrence/incapacitation drop; *Pepper* makes post-sentencing conduct central. That directly supports Mr. Hardy's point: a life sentence can be grossly outsized compared to contemporary sentencing norms, especially after decades served and substantial rehabilitation.

At minimum, those statistics destroy the government's claim that Mr. Hardy offered "no basis" for disparity or that his position is mere speculation. The government supplied the modern baseline itself. See GR at 11.

### E. The Government's "Danger" Argument Is Not Supported by the Post-Sentencing Record or the § 3142(g) Factors

The government argues Mr. Hardy is "still dangerous," emphasizing generalized labels ("anger/hostility/antisocial behavior"), a warden denial, and asserting he provided "no documentation" of lack of dangerousness. See GR 14–15. That claim is incorrect and, in any event, it applies the wrong lens.

First, § 1B1.13(a)(2) directs a factor-based inquiry under 18 U.S.C. § 3142(g)—not a categorical rule that a serious historic offense permanently forecloses relief. The relevant question is whether Mr. Hardy presents a current risk to any person or the community after more than three decades of incarceration, his age-related reduction in recidivism risk, and his post-sentencing conduct and programming. See CR Mot. 26–28; HN.

Second, the Government's "no documentation" assertion cannot be squared with the record. Mr. Hardy presented affirmative, current evidence relevant to dangerousness, including institutional

7

programming and an objective low-risk PATTERN assessment supported by BOP documentation. See CR Mot. 26–27. That is precisely the kind of post-sentencing evidence the Supreme Court has recognized as providing "the most up-to-date picture" of a defendant's character and likelihood of reoffending. See *Pepper v. United States*, 562 U.S. 476, 491–93 (2011); see also, *Concepcion v. United States*, 597 U.S. 481, 488–94 (2022).

Third, the warden's denial is not dispositive. Congress expressly authorized defendant-filed motions once exhaustion is satisfied, and the Court—not the BOP—must make the ultimate determination under § 3582(c)(1)(A). See GR 14–15. The Court's obligation is to conduct an individualized, present-day assessment under § 3553(a) and § 3142(g) based on the current record.

Fourth, the Government's cited cases (*Mazur* and *White*) are record-driven district court denials; they do not announce a rule that a defendant must "prove a negative" with any particular form of documentation, nor do they override a record showing decades served plus low objective recidivism risk and extensive programming. See GR 15; CR Mot. 26–28.

Finally, even assuming *arguendo* any residual concern, the proper response is conditions, not a blanket denial—especially where the statute asks what sentence is "sufficient, but not greater than necessary" now. The Court can impose strict supervised-release conditions (home confinement, GPS monitoring, treatment/counseling, no-contact restrictions, and any additional terms the Court deems appropriate) to ensure community safety. See CR Mot. 18–20, 26–28; HN.

## V.    THE § 3553(A) FACTORS FAVOR A REDUCTION

Even where the offense is serious, § 3553(a) requires proportionality, fairness, and individualized sentencing. Mr. Hardy's crime was severe—he does not minimize it—but the Court must still decide whether continued life imprisonment is necessary.

Key § 3553(a) points the government fails to grapple with:

    A.    Time served already reflects extraordinary punishment. Mr. Hardy has served over 31 years. See CR Mot. at 19; HN;

    B.    Deterrence and incapacitation diminish over time. After decades served, the marginal deterrent value of continuing life imprisonment is often minimal compared to the enormous human and public cost. *Pepper*, 562 U.S. at 491–93;

    C.    Rehabilitation and Conduct Matter. The Supreme Court Recognizes Post-sentencing Conduct as Central to Whether a Reduced Sentence Still Protects the Public and Serves the Goals of Sentencing. *Pepper*, 562 U.s. at 490–93; and

    D.    A Reduction Can Remain "Just Punishment." a Time-served Reduction after More than Three Decades Is Not Leniency; it Is a Sentence That Still Reflects Gravity, Promotes Respect for Law, and Avoids Unwarranted Disparity.

## VI. <u>REQUEST FOR RELIEF</u>

For the reasons set out in the CR Motion (Doc. 2499) and this Reply, Mr. Hardy respectfully requests that the Court:

    A.    Find extraordinary and compelling reasons under § 3582(c)(1)(A) (as informed by § 1B1.13);

    B.    Find the § 3553(a) Factors Support a Reduction; and

    C.    Reduce Mr. Hardy's Sentence to Time Served, or in the Alternative, to a Term of Years the Court Finds Sufficient but Not Greater than Necessary, with Appropriate Supervised-release Conditions.

Respectfully submitted,

Dated: January 17, 2026

*Paul Hardy*
PAUL HARDY
REG. NO. 24329-034
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635
Defendant *pro se*

## CERTIFICATE OF COMPLIANCE

I certify that this Reply has been prepared in compliance with the formatting requirements of the Federal Rules of Criminal Procedure and the Local Rules of this Court. This Reply is typed in a proportionally spaced typeface using 12-point Times New Roman, is double-spaced (except for block quotations and footnotes, if any), and complies with the Court's applicable page limitations. Pursuant to the applicable rules, I certify that this Reply contains **2322** words, as counted by the word-processing system used to prepare this filing.

*Paul Hardy*
PAUL HARDY

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2026, a true and correct copy of the above and foregoing Defendant Paul Hardy's Reply to the Government's Opposition to Motion for Compassionate Release (18 U.S.C. § 3582(c)(1)(A)) was sent via U. S. Mail, postage prepaid, Mark A. Miller, Assistant United States Attorney at U. S. Attorney's Office, 650 Poydras Street, Suite 1700, New Orleans, Louisiana 70130.

*Paul Hardy*
PAUL HARDY